IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS PIERSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-326 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| JASON STENGER *in his individual capacity* ) | Re: ECF No. 6 |
| and ZACHARY WEBB *in his individual* ) | |
| *capacity*, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**Kelly, Chief Magistrate Judge**

Plaintiff Chris Pierson ("Plaintiff"), has presented a Complaint raising civil rights violations against Defendants Jason Stenger and Zachary Webb (collectively, "Defendants") and an assault and battery claim against Defendant Stenger. ECF No. 1. Presently before this Court is a partial Motion to Dismiss filed by Defendants. ECF No. 6. For the following reasons, the Motion to Dismiss will be denied.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint on March 14, 2017. ECF No. 1. Therein, he makes the following relevant allegations. On June 21, 2015, at approximately 3:30 a.m., Plaintiff received a phone call from Destinee Knox ("Knox"), who informed Plaintiff that she and Calvin Shultz ("Shultz") were in a GetGo parking lot and that Shultz was being investigated for DUI by the Pennsylvania State Police. Id. ¶ 8. Knox asked Plaintiff to come to pick them up. Id. Plaintiff agreed and arrived at the GetGo parking lot at approximately 3:39 a.m. Id. ¶ 10. Plaintiff approached Defendants, Pennsylvania State Police officers, who were speaking with Shultz. Id.

¶¶ 11-12.  Plaintiff introduced himself to Defendants, peaceably inquired as to Shultz's situation and informed Defendants that he was able to take Shultz and Knox home.  Id. ¶ 13.  In a hostile manner, Defendant Stenger ordered Plaintiff to "get back."  Id. ¶ 14.  Plaintiff complied with the order, stepping backwards.  Id. ¶ 15.  Plaintiff then calmly repeated his offer to take Shultz and Knox home.  Id. ¶ 16.  Without provocation, Defendant Stenger punched Plaintiff in the mouth.  Id. ¶ 17.  Plaintiff fell to the ground.  Id. ¶ 18.  Defendant Stenger then forcefully pressed his knee into the back of Plaintiff's neck, forcing Plaintiff's face and body into the pavement.  Id. ¶ 19.  Defendant Webb observed Defendant Stenger's actions, but did not intervene.  Id. ¶ 20.  Defendant Stenger then handcuffed Plaintiff.  Id. ¶ 21.  As a result of Defendant Stenger's actions, Plaintiff suffered pain, lacerations to his face, bruises on his arms and severe dental injuries requiring surgery and extensive post-operative care.  Id. ¶ 22.

Plaintiff raises two claims in the Complaint: (1) Count I: a claim pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants for violation of Plaintiff's constitutional rights under the Fourth Amendment; and (2) Count II: assault and battery against Defendant Stenger.  Id. at 5-8.

Defendants filed the instant partial Motion to Dismiss and Brief in support on May 30, 2017.  ECF Nos. 6-7.  On June 19, 2017, Plaintiff filed a Brief in opposition to the Motion to Dismiss.  ECF No. 11.

The Motion to Dismiss is now ripe for review.

## II.  STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on

its face." Id. at 570.  In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party.  Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)).  A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

### III. DISCUSSION

#### A. Count I: Official capacity

Defendants' partial Motion to Dismiss has multiple bases.  First, Defendants argue that "the Court should dismiss all of Plaintiff's Section 1983 claims against [Defendants] in their official capacities."  ECF No. 7 at 5.  As the caption of this action makes clear and as Plaintiff asserts in his Response in opposition to the Motion to Dismiss, ECF No. 11 at 3-4, Plaintiff has brought this action against Defendants in their individual capacities.[1]  Accordingly, the Motion to Dismiss on this basis will be denied.

#### B. Count I: Qualified immunity

Defendants further argue that they are entitled to qualified immunity as to the Section 1983 claim.  Id. at 8.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of

---

[1] Defendants raise two additional arguments which are based on their erroneous assumption that Plaintiff is suing them in their official capacities: one concerning monetary damages, ECF No. 7 at 7; and one concerning compensatory and punitive damages, id. at 8-9.  These arguments are without merit for the same reason: Plaintiff has sued Defendants in their individual capacities only.

which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The United States Supreme Court has set forth a two-step objective reasonableness test to determine whether qualified immunity should be granted. Saucier v. Katz, 533 U.S. 194, 200-01 (2001); see also Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004). "First, the court must consider whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right." Kopec, 361 F.3d at 776 (citing Saucier, 533 U.S. at 201). If "'a violation could be made out on a favorable view of the parties' submissions," the court must determine "'whether the right was clearly established.'" Id. (quoting Saucier, 533 U.S. at 201). "'The relevant dispositive inquiry' in making this determination is 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. (quoting Saucier, 533 U.S. at 202).

The second step requires a determination of "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." Id. (citing Saucier, 533 U.S. at 202). "In other words, there must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited." Mammaro v. N.J. Div. of Child Prot. and Permanency, 814 F.3d 164, 169 (3d Cir. 2016) (citing McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001)).

As is clear from the above-described legal standard, any determination as to the application of qualified immunity necessitates a careful examination of relevant facts and applicable law. Defendants do not identify any legal authority related to the constitutional right asserted or a single factual allegation upon which they rely to support their argument. Defendants' bald assertions that "there have been no constitutional violations" and even if there were, "Plaintiff's right was not clearly established given the facts of this case and the information

in Defendants' possession," ECF No. 7 at 8, do not constitute a sufficient basis upon which the Court can conduct meaningful review. Accordingly, the Motion to Dismiss on this basis will be denied.

### C. Count II: Sovereign immunity

As to Count II, Defendants argue that the claim against Defendant Stenger for assault and battery is barred by sovereign immunity. ECF No. 7 at 5-7. In response, Plaintiff withdrew this claim against Defendant Stenger. ECF No. 11 at 4. Accordingly, the Motion to Dismiss on this basis will be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, Defendants' partial Motion to Dismiss, ECF No. 6, will be denied. An appropriate Order follows.

### ORDER

AND NOW, this 26th day of June, 2017, IT IS HEREBY ORDERED that the partial Motion to Dismiss filed by Defendants Stenger and Webb, ECF No.6, is DENIED.

By the Court:

/s/ Maureen P. Kelly
Chief United States Magistrate Judge

cc: All counsel of record via CM/ECF