IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS PIERSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-326 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| JASON STENGER *in his individual capacity* ) | Re: ECF No. 30 |
| and ZACHARY WEBB *in his individual* ) | |
| *capacity*, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**Kelly, Chief Magistrate Judge**

Plaintiff Chris Pierson ("Plaintiff"), has presented a Complaint raising civil rights violations against Defendants Jason Stenger and Zachary Webb (collectively, "Defendants"). ECF No. 1. Presently before the Court is a Motion for Summary Judgment filed by Defendants. ECF No. 30. For the following reasons, the Motion for Summary Judgment will be denied.

**I.    PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint on March 14, 2017. ECF No. 1. Plaintiff raised two claims in the Complaint: (1) Count I: a claim pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants for violation of Plaintiff's constitutional rights under the Fourth Amendment; and (2) Count II: assault and battery against Defendant Stenger. Id. at 5-8.

Defendants filed a partial Motion to Dismiss and Brief in support. ECF Nos. 6-7. Plaintiff filed a Brief in opposition to the Motion to Dismiss. ECF No. 11. In his Brief in opposition, Plaintiff withdrew Count II, the assault and battery claim against Defendant Stenger.

ECF No. 11 at 4. The Motion to Dismiss was denied on June 26, 2017. ECF No. 12. Defendants filed an Answer and Defenses on July 5, 2017. ECF No. 13. Discovery ensued.

On March 23, 2018, Defendants filed the instant Motion for Summary Judgment and supporting documents. ECF Nos. 30-33. On April 27, 2018, Plaintiff filed a Brief in Opposition and supporting documents. ECF Nos. 37-39. The Motion for Summary Judgment is now ripe for review.

## II. LEGAL PRINCIPLES

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

B.     Section 1983

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a "seizure" occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999). Further, "[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983. However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002) (citations omitted).

C.     Qualified Immunity

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The United States Supreme Court has set forth a two-step objective reasonableness test to determine whether qualified immunity should be granted. Saucier v. Katz, 533 U.S. 194, 200-01 (2001); see also Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004). "First, the court must consider whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right." Kopec, 361 F.3d at 776 (citing Saucier, 533 U.S. at

201). If "'a violation could be made out on a favorable view of the parties' submissions," the court must determine "'whether the right was clearly established.'" Id. (quoting Saucier, 533 U.S. at 201). "'The relevant dispositive inquiry' in making this determination is 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. (quoting Saucier, 533 U.S. at 202).

The second step requires a determination of "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." Id. (citing Saucier, 533 U.S. at 202). "In other words, there must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited." Mammaro v. N.J. Div. of Child Prot. and Permanency, 814 F.3d 164, 169 (3d Cir. 2016) (citing McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001)).

### III. DISCUSSION

#### A. Facts

##### 1. Agreed-upon Facts

The parties agree on the following facts. Defendants are Pennsylvania State Police Troopers. ECF No. 32 ¶¶ 2, 6; ECF No. 38 ¶¶ 2, 6. On June 21, 2015, at approximately 3:30 a.m., while working on a patrol unit, Defendants stopped at a GetGo convenience store in Washington, Pennsylvania. ECF No. 32 ¶¶ 20, 22; ECF No. 38 ¶¶ 20, 22. There, they observed a white Jeep Wrangler parked near the store. ECF No. 32 ¶ 23; ECF No. 38 ¶ 23. Defendants commenced a DUI investigation into the driver of that vehicle, later identified as Kalvin Schultz. ECF No. 32 ¶ 27; ECF No. 38 ¶ 27.

Schultz's girlfriend, Destinee Knox, was a passenger in the Jeep. ECF No. 32 ¶ 33; ECF No. 38 ¶ 33. Knox called Plaintiff, told him the Schultz "had been pulled over by the police,"

and asked him if he "could come down and give her a ride." ECF No. 32 ¶ 37; ECF No. 38 ¶ 7. When Plaintiff received Knox's call, he was returning from a bar in Ohio, where he had drunk at least 8 to 10 beers. ECF No. 32 ¶¶ 10, 13, 37; ECF No. 38 ¶¶ 10, 13, 37. Plaintiff was a passenger in his girlfriend Lindsey Nelson's car. ECF No. 32 ¶ 19; ECF No. 38 ¶ 19. When Nelson and Plaintiff arrived at the GetGo approximately 5 to 10 minutes after Knox's call, Plaintiff exited the car and approached Defendants. ECF No. 32 ¶¶ 38, 39, 42; ECF No. 38 ¶¶ 38, 39, 42. Plaintiff asked Defendants, "what's going on guys?" ECF No. 32 ¶ 43; ECF No. 38 ¶ 43. Defendant Webb told Plaintiff to leave the scene. ECF No. 32 ¶ 45; ECF No. 38 ¶ 45. Defendants asked Plaintiff to leave the area at least two or three times, but he did not leave, stating that he had a right to be at a gas station. ECF No. 32 ¶ 50; ECF No. 38 ¶ 50. Ultimately, Defendant Stenger punched Plaintiff in the face. ECF No. 32 ¶ 55; ECF No. 38 ¶ 55. Plaintiff was taken to the ground, handcuffed and placed in a police car. ECF No. 32 ¶¶ 59, 62, 63; ECF No. 38 ¶¶ 57, 62, 63. At 4:45 a.m., Plaintiff underwent a Breathalyzer at the police station which revealed a blood-alcohol content of .168. ECF No. 32 ¶ 74; ECF No. 38 ¶ 74.

As a result of this incident, Plaintiff suffered a misaligned tooth and cuts and bruises to his elbow and knees. ECF No. 32 ¶ 72; ECF No. 38 ¶ 72. In relation to this incident, Plaintiff pled guilty to charges of Disorderly Conduct, 18 Pa. Con. Stat. Ann. § 5504(a)(4), and Harassment, 18 Pa. Con. Stat. Ann. § 2709(a)(1). ECF No. 32 ¶ 76; ECF No. 38 ¶ 76.

   2. **Disputed Facts**

The parties dispute facts concerning the following areas: (1) the circumstances leading to Defendants' investigation of Schultz, ECF No. 32 ¶ 23; ECF No. 38 ¶ 23; (2) the events of the initial investigation of Schultz, ECF No. 32 ¶¶ 25-28, 30, 31-36; ECF No. 38 ¶¶ 25-28, 30, 31-36; (3) the substance of the conversation between Plaintiff and Defendants; ECF No. 32 ¶¶ 43,

5

45, 49, ECF No. 38 ¶¶ 43, 45, 49 (4) whether Plaintiff complied with a request from Defendant Stenger that he step back, ECF No. 32 ¶ 49; ECF N0. 38 ¶ 47; (5) whether the environment escalated during Plaintiff's interaction with Defendants, ECF No. 32 ¶¶ 51-52; ECF No. 38 ¶¶ 51-52; (6) whether Defendant Stenger used a "soft-hands" technique and attempt to push Plaintiff away from the scene which Plaintiff responded to by pushing Stenger's hand off of his chest, ECF No. 32 ¶¶ 53-54; ECF No. 38 ¶¶ 53-54; (7) whether Plaintiff remained standing immediately following the punch to his face and/or resisted commands to get down on the ground, ECF No. 32 ¶¶ 57-59; ECF No. 38 ¶¶ 57-59; and (8) the extent of the injuries for which Plaintiff received medical treatment, ECF No. 32 ¶ 73; ECF No. 38 ¶ 73.

### B. Analysis

In support of their Motion for Summary Judgment, Defendants rely on three arguments. First, Defendants argue that Plaintiff has failed to plead an excessive use of force claim because the use of force against Plaintiff was objectively reasonable when considering the totality of the circumstances. ECF No. 31 at 7-10. Second, Defendants assert that Plaintiff has failed to plead a claim for failure to intervene because Defendant Webb had no reason to believe that Defendant Stenger was violating any of Plaintiff's constitutional rights, and, further, if a constitutional violation existed, it was so brief that there was no reasonable opportunity to intervene. Id. at 11-12. Third, Defendants argue that they are entitled to qualified immunity. Id. at 12-14.

In opposing the Motion for Summary Judgment, Plaintiff argues that Defendants have disregarded the applicable standard of review and disregarded the testimony of Plaintiff and eyewitnesses as well as video evidence. ECF No. 37 at 5-8. Specifically, Plaintiff first argues that he has presented testimonial evidence that the force used against Plaintiff was unprovoked and thus not objectively reasonable. Id. at 3-5. Second, Plaintiff argues that, in addition to the

6

evidence of excessive force, the GetGo surveillance video reflects that Defendant Webb observed Defendant Stenger's use of excessive force and then immediately acted to aid Defendant Stenger in the use of such force. Id. at 8-9. Third, Plaintiff argues qualified immunity does not apply to the use of excessive force. Id. at 10-11.

Based on this Court's thorough review of the submissions relative to Defendants' Motion for Summary Judgment, the Court finds that Defendants' argument is impermissibly based on facts viewed in the light most favorable to Defendants and thus in direct contradiction to the proper standard of review, set forth above. Defendants' arguments, both as to the merits of the claims and as to whether qualified immunity applies, rely on an evaluation of the totality of the circumstances. ECF No. 31 at 8, 12, 13. However, in their assessment of the circumstances, Defendants cite, *inter alia*, the following facts: (1) Defendant Stenger employed a 'soft hands' technique consisting of a guided push to Plaintiff's chest [that] resulted in Plaintiff criminally smacking Trooper Stenger's arm away," id. at 9; (2) "the scene was escalating to a potentially uncontrolled situation," id. at 12; and (3) Plaintiff displayed "deleterious behavior was actually making the situation potentially unsafe for the Troopers and others, id. at 14. As set forth above, these critical facts are disputed by Plaintiff.

Specifically, Plaintiff asserts: (1) Plaintiff approached Defendants in a "non-threatening, non-aggressive manner," stepping back immediately before he was punched by Defendant Stenger; (2) Defendant Stenger never used the "soft-hands" technique; and (3) Plaintiff acted peaceably and that any chaos that occurred was triggered by the punch to Plaintiff. ECF No. 37 at 6-7. Plaintiff's version of the facts is supported by testimony from Plaintiff and eyewitnesses.[1]

---

[1] The Court notes that Defendants have submitted a GetGo surveillance video from the night in question. ECF No. 32-12. However, the video channel which appears to provide a complete view of the parties' interaction, Channel

7

Viewing the facts in favor of Plaintiff, as the non-moving party, as is proper, it is clear that significant genuine issues of material facts exist in this case which must be resolved by a fact-finder. Defendants are thus not entitled to summary judgment as a matter of law. An appropriate Order follows.

## **ORDER**

AND NOW, this 29th day of June, 2018, IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendants Stenger and Webb, ECF No. 30, is DENIED.

                                     BY THE COURT:

                                     /s/ Maureen P. Kelly
                                     MAUREEN P. KELLY
                                     CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record via CM/ECF

---

17, is inexplicably missing footage between 03:38:29.3 and 03:40:47.1. Footage from Channel 13 appears to show that the immediate aftermath of the punch to Plaintiff's face occurred at approximately 03:39:29. Neither the punch nor the events immediately preceding the punch are depicted in the provided video footage.