IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS PIERSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 17-326 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF Nos. 43, 45, and 58 |
| JASON STENGER *in his individual capacity* | ) |
| and ZACHARY WEBB *in his individual* | ) |
| *capacity*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Defendants Jason Stenger and Zachary Webb have filed two Motions in Limine, ECF Nos. 43 and 45, seeking to preclude the introduction of certain evidence related to: (1) other litigation naming Defendants as parties, (2) "hearsay evidence," and (3) medical costs incurred by Plaintiff as a result of Defendants' conduct at issue in this matter. Plaintiff also has filed a Motion in Limine seeking to preclude introduction of evidence of: (1) his social drinking habits, (2) the condition of the driver placed under arrest, and (3) the circumstances at the scene just prior to the incident at issue. ECF No. 58. Upon consideration of the various Motions in Limine and the briefs filed in support and in opposition thereto, ECF Nos. 44, 46, 49, and 61, the Motions in Limine are granted in part and denied in part as more fully set forth below.

Certain basic evidentiary principles guide the resolution of each of the pending motions. Generally, relevant evidence is admissible in a trial and irrelevant evidence is not admissible. Fed. R. Evid. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence." Fed. R. Evid. 402. Relevant evidence may be precluded where "its probative worth is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. These Rules of Evidence govern the disposition of each of the Motions in Limine.

### 1. Evidence of Other Lawsuits Naming Either Defendant

Defendants move to preclude Plaintiff from presenting evidence of lawsuits in which they may have been named. ECF Nos. 43, 44 at 2. Plaintiff responds that in the course of discovery, Defendants disclosed that neither Defendant Stenger nor Defendant Webb has been named in a lawsuit, other than the instant action pending before the Court. ECF No. 49. In reliance upon Defendants' representations, Plaintiff states he does not intend to introduce any evidence related to other lawsuits. Id. Accordingly, Defendants' motion is denied as moot.

### 2. Hearsay Evidence

Defendants next move to preclude as inadmissible hearsay anticipated testimony by Plaintiff that may be based upon what other individuals who were present at the scene may have told him or that he overheard in discussions with other individuals. ECF Nos. 43, 44 at 2-3. Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay evidence is generally inadmissible at trial unless otherwise provided by statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court. Fed. R. Evid. 802.

The Federal Rules of Evidence set forth several exceptions to the hearsay rule, including Rule 803(1) which permits admission of evidence consisting of a "present sense impression"

2

which generally occurs when "[a] statement describing or explaining an event or condition [is] made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). Likewise, Rule 803(2) provides an exception to the hearsay rule for an "excited utterance" when "[a] statement relating to a startling event or condition [was] made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2).

"For a hearsay statement to qualify as an excited utterance, the party seeking to introduce the statement must show each of the following: (1) a startling event occurred, (2) a statement relating to the circumstances of the startling event was made, (3) the declarant making the statement must have had an opportunity to personally observe the events, and (4) the statement was made before the declarant had time to reflect and fabricate." Prescott v. R & L Transfer, Inc., 111 F. Supp. 3d 650, 65. (W.D. Pa. 2015) (internal citations omitted). "The rationale for the excited utterance exception lies in the notion that excitement suspends the declarant's powers of reflection and fabrication, consequently minimizing the possibility that the utterance will be influenced by self interest and therefore rendered unreliable." Id.

In this matter, Plaintiff has not yet sought to introduce any hearsay statements relative to the incident at issue, and the Court is not in a position to determine whether the cited exceptions may or may not apply. Accordingly, the Motion in Limine to exclude Plaintiff's testimony regarding statements made by others at the scene of the incident is denied without prejudice as premature. The Court will revisit Defendants' Motion when and if Plaintiff seeks to introduce any such evidence at trial, and upon Defendants' timely and proper objection.

### 3. Evidence of Plaintiff's Medical Bills

Defendants seek to preclude admission of Plaintiff's medical bills if offered to prove the extent of his pain and suffering and otherwise, to the extent such bills exceed amounts actually

3

paid and owing. ECF Nos. 45, 46 at 1-2. Under Pennsylvania law, damages for past medical expenses, although recoverable to the fullest extent of the injury sustained, are limited to those expenses that "have been actually paid, or such as, in the judgment of the jury, are reasonably necessary to be incurred." Moorhead v. Crozer Chester Med. Ctr., 765 A.2d 786, 789 (Pa. 2001), *abrogated on other grounds*, Northbrook Life Ins. Co. v. Com., 949 A.2d 333, 336-337 (2008) and (quoting Goodhart v. Pa. R.R. Co., 177 Pa. 1, 35 A. 191, 192 (Pa. 1896)).

Plaintiff indicates that he does not intend to introduce evidence of the cost of medical services for the purpose of determining his pain and suffering, but as evidence of the compensatory special damages suffered as a direct result of the Defendants' actions. ECF No. 50. Further, Plaintiff correctly contends that the collateral source rule permits a tort victim to recover the full extent of medical expenses incurred as a result of Defendants' tortious conduct, regardless of the existence of coverage for such expenses from some collateral source, e.g., insurance. Id.

Accordingly, the Court grants in part and denies in part Defendants' Motion in Limine. Evidence of Plaintiff's medical expenses that exceed any amounts actually paid and/or owing, or likely to be incurred in the future as a result of Defendants' conduct, is precluded. Evidence of medical expenses that do not exceed amounts paid or owing, or likely to be incurred in the future, and related to Defendants' conduct, is otherwise admissible for purposes of calculating compensatory damages.

### 4. Plaintiff's social drinking history

Plaintiff has filed a Motion in Limine to preclude introduction of his history of social drinking habits, with specific reference to his history as a "heavy drinker." ECF No. 58. Defendants agree that evidence of Plaintiff's social drinking habits at any time other than the

evening in question is irrelevant and will not be admitted. Accordingly, Plaintiff's Motion in Limine with respect to Plaintiff's past alcohol use is denied as moot.

### 5. Evidence of Alcohol Use and Events Leading to Incident

Plaintiff also seeks to preclude introduction of Plaintiff's alcohol use on the evening in question, as well as evidence of the condition of the third-party driver and Defendants' actions in effectuating his arrest, prior to Plaintiff's arrival on the scene. Plaintiff contends that the condition of the suspect as well as Defendants' actions are irrelevant to the Defendants' use of force against him. ECF No. 58 at 2-3.

Plaintiff's protestations to the contrary, the Court concludes that the jury requires an understanding of the events leading to Plaintiff's incident, and that such evidence is relevant and probative as to the reasonableness of Defendants' conduct under the circumstances presented. See, e.g., Brigham City v. Stuart, 547 U.S. 398, 404 (2006)("An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed objectively, justify [the] action." (internal quotations omitted)). A jury making a reasonableness assessment also "may consider the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." See Kopec v. Tate, 361 F.3d 772, 777 (3d Cir. 2004). As the Supreme Court has stated, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.... The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in

circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham v Connor, 490 U.S. 386, 396–97 (1989).

Because the evidence Plaintiff seeks to exclude provides context for the events placed at issue, the Motion in Limine to exclude evidence of the condition of parties at the scene of the incident, as well as the circumstances leading up to Plaintiff's arrest, is denied. However, the Court cautions that evidence as to this issue will not be admitted to create a trial within a trial – instead such evidence can be used only to the extent necessary to set the stage for the incident at issue.

For the foregoing reasons, and as set forth herein, this 5th day of September, 2018, IT IS HEREBY ORDERED, Defendants Motions in Limine, ECF Nos. 43 and 45, are granted in part and denied in part; and Plaintiff's Motion in Limine, ECF No. 58, is granted in part and denied in part.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF